ORDER
NORTHCUTT, Judge.
Willie Stancil Williams complains of the circuit court’s denial of his “motion requesting the court directing the clerk of the court to process indigent criminal defendant’s appeal without cost.” We set the order aside and direct that Williams shall pay no costs associated with the preparation of the record in this case.
Williams is an indigent prisoner serving a sentence imposed after his convictions on drug charges. He filed a motion to correct an illegal sentence under Florida Rule of Criminal Procedure 3.800(a), raising two claims for relief. The postconviction court granted the motion in part and denied it in part. When Williams appealed, the Pinel-las County Clerk of Circuit Court asserted that Williams was obligated to pay the cost of preparing the appellate record. Williams moved for an order directing the clerk to prepare the record without cost. The circuit court denied the motion, reasoning that although there were no costs associated with the filing of the postconviction appeal, Williams’ indigence “is of no consequence to his financial obligation to pay for preparation of the appellate record.”
Williams brought the issue to this court by petitioning for a writ of mandamus or a writ of prohibition directed to the circuit court clerk and the chief judge of the circuit. We have determined that the matter is more appropriately addressed pursuant to our authority to control the preparation of the record and other procedural aspects of Williams’ underlying appeal. See Fla. R.App. P. 9.600(a) (granting lower tribunal concurrent jurisdiction to issue orders on certain procedural matters “subject to the control of the court”); see also Fla. R.App. P. 9.040(c) (providing that “the cause- shall be treated as if the proper remedy had been sought”).
*259 Turning to the merits of the issue, in this court the State has conceded that Williams is entitled to have the record on appeal prepared at no cost, citing section 57.081(1), Florida Statutes (2011). That statute provides in relevant part:
Any indigent person, except a prisoner as defined in s. 57.085, who is a party or intervenor in any judicial or administrative agency proceeding or who initiates such proceeding shall receive the services of the courts, sheriffs, and clerks, with respect to such proceedings, despite his or her present inability to pay for these services.
As can be seen, the statute excludes prisoners “as defined in s. 57.085.” In turn, that statute provides that it “does not apply to a criminal proceeding or a collateral criminal proceeding.” § 57.085(10). Therefore, because Williams is appealing an order denying one of his claims in a collateral criminal proceeding, he is not excluded from the benefit of section 57.081(1). See Schmidt v. Crusoe, 878 So.2d 861, 367 n. 7 (Fla.2003) (holding that postconviction motions are collateral criminal proceedings, that as such they are outside the reach of section 57.085, and that section 57.081 applies); Alexander v. Bamash, 814 So.2d 1211, 1212 (Fla. 4th DCA 2002) (applying section 57.081 to an appeal filed by an indigent incarcerated appellant and directing the clerk to prepare the appellate record without charge).
Having discerned that Williams is indigent, the clerk of circuit court was obliged by section 57.081 to produce the record associated with Williams’ appeal at no cost to him.[1] To do otherwise “would result in an unlawful chilling of a criminal defendant’s right to appeal or otherwise challenge the propriety or constitutionality of the conviction or sentence.” Schmidt, 878 So.2d at 367 (internal quotations marks omitted). Accordingly, we quash the circuit court’s order and direct that Williams shall not be charged the cost of preparing the record on appeal in this case.
Order quashed; remanded with directions.
VILLANTI and LaROSE, JJ., Concur.

. We note that this does not entitle Williams to a personal copy of the record on appeal without cost. See Fla. R.App. P. 9.141(b)(2)(B).